IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEODIS RANDLE**                                                                                          **PLAINTIFF**

v.                              Case No. 4:23-cv-00113-KGB

**KELVIN MURPHEY and**
**DOES, Police Station**                                                                              **DEFENDANTS**

## ORDER

Plaintiff Leodis Randle filed a *pro se* complaint on February 7, 2023, against defendants Kelvin Murphey and Does (Dkt. No. 1).  Mr. Randle is detained in the Pulaski County Detention Facility.  At the time he filed his complaint, Mr. Randle neither moved to proceed *in forma pauperis* nor paid the filing fee.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Prior to filing this lawsuit on February 7, 2023, Mr. Randle filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Randle v. Peters*, *et al.*, 4:14cv280-BRW;  *Randle v. Arkansas, et al.*, 4:17-cv-291-BSM;  *Randle v. Doe*, 4:18-cv-529-BRW.  Nevertheless, Mr. Randle may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time

of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his complaint, Mr. Randle asserts that he was sexually assaulted by Murphey in 2018 and prevented from reporting the incident (Dkt. No. 1). Mr. Randle has made no allegation that he is in imminent danger of serious physical injury as of the time he filed his complaint. Accordingly, the imminent danger exception does not apply. *Dilworth*, 147 F.3d at 717. The Court dismisses this case due to Mr. Randle's failure to pay the filing fee. Mr. Randle has 30 days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Mr. Randle's complaint is dismissed without prejudice (Dkt. No. 1).

2. Mr. Randle has 30 days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 15th day of February, 2023.

_____
Kristine G. Baker
United States District Judge